**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
VICTOR J. DEFAZIO, JACK FINKELSTEIN,
JAMES COLLINS, and HENRY GEBHARD,         **MEMORANDUM OF
DECISION AND ORDER**

                Plaintiffs,

                      05-CV-5712 (ADS)(ARL)

      -against-

KEVIN WALLIS; ROBERT AQUINO; RYAN P.
GREENBERG; THOMAS RYAN; BRYAN
ZWOLACK; CAPITAL HEALTH MANAGEMENT,
INC.; MERIDIAN AMBULANCE GROUP, LLC;
MERIDIAN BEHAVIORAL SCIENCES, LLP;
MERIDIAN GROUP HOLDINGS, LLC; MERIDIAN
BEHAVIORAL HEALTH SCIENCES, LLP;
MERIDIAN MSO, INC.; MERIDIAN MSO, LLC;
NATIONAL HEALTH CAR CORP; PHOENIX
TRANSPORT CORP. D/B/A EMERGENCY
AMBULANCE SERVICE; UNIVERSITY CARE
NETWORK, LLC; DEFENDANTS "JOHN DOES"
AND "JANE ROES" "1" THROUGH "15", THE
MANES "JOHN DOE" AND "JANE ROE" BEING
FICTITIOUS, THE IDENTITY OF SAID
DEFENDANTS NOT BEING PRESENTLY KNOWN
TO THE PLAINTIFFS; AND/OR OTHERS
PRESENTLY UNKNOWN TO THE PLAINTIFF,
JOINTLY OR SEVERALLY, DOING BUSINESS
UNDER THE TRADE STYLES AFFORDABLE
AMBULANCE, CAPITAL MANAGEMENT, MED
TRANSIT, MERIDIAN, MERIDIAN BEHAVIORAL
HEALTH SERVICES, MERIDIAN HEALTH
SERVICES, NATIONAL EMS, NATIONAL
MANAGEMENT GROUP, PHOENIX
AMBULANCE, PHYSICIANS HEALTH
SERVICES, PRESIDENTIAL EMERGENCY
MEDICAL SERVICE and UNIVERSITY HEALTH
PLANS,

                        Defendants.
---------------------------------------------------------------X

**APPEARANCES:**

**DINERSTEIN & LESSER, P.C.**
Movant
2171 Jericho Turnpike, Suite 150
Commack, New York 11725
  By: Robert J. Dinerstein, Esq., of Counsel

**THE LAW FIRM OF JOEL SPIVAK**
Attorneys for the Plaintiffs
98 Cutter Mill Road, Suite 310N
Great Neck, New York 11021
  By: Joel Spivak, Esq., of Counsel

**LAW OFFICES OF EDWARD WEISSMAN**
Attorneys for the Defendants Kevin Wallis
and Ryan P. Greenberg
60 East 42nd Street, 47th Floor
New York, New York 10165
  By: Edward Weissman, Esq., of Counsel

**LAW OFFICES OF THOMAS F. LIOTTI**
Attorneys for the Defendants Robert J. Aquino
and Capital Health Management, Inc.
600 Old Country Road, Suite 530
Garden City, New York 11530
  By: Thomas F. Liotti, Esq., of Counsel

**MURRAY & MCCANN**
Attorneys for the Defendant Thomas Ryan
100 Merrick Road, Suite 514 West
Rockville Centre, New York 11570
  By: Joseph D. McCann, Esq., of Counsel

**PEZOLD, SMITH, HIRSCHMANN & SELVAGGIO, LLC**
Attorneys for the Defendant Bryan Zwolack
120 Main Street
Huntington, New York 11743
  By: George C. Pezold, Esq., of Counsel

**THE LAW OFFICE OF BENNETT D. KRASNER**
Attorneys for the Defendant Phoenix Transport Corp.
1233 Beech Street, #49
Atlantic Beach, New York 11509
  By: Bennett D. Krasner, Esq., of Counsel

**NO APPEARANCE:**

The Defendants Meridian Ambulance Group, LLC,
Meridian Behavioral Sciences, LLP, Meridian
Group Holdings, LLC, Meridian Behavioral
Health Sciences, LLP, Meridian MSO, Inc.,
Meridian MSO, LLC, National Health Care Corp.,
and University Care Network, LLC

**SPATT, District J.**

  On December 8, 2005, Victor DeFazio, Jack Finkelstein, James Collins, and Henry Gebhard (collectively, the "plaintiffs") commenced this action against the numerous defendants alleging, among other things, violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"). Presently there are two motions before the Court: (1) a motion by the plaintiffs' former counsel, Dinerstein & Lesser, P.C. and Robert Jay, Dinerstein, Esq., for relief from the Court's October 17, 2006 Order disqualifying Dinerstein as counsel for the plaintiffs; and (2) a motion by the plaintiffs for leave to file an amended complaint.

  **A. AS TO DINERSTEIN'S RULE 60 MOTION**

  Dinerstein's motion for an Order, pursuant to Fed. R. Civ. P. 60, granting relief from the Court's October 17, 2006 Order disqualifying him from representing the plaintiffs will not be considered because the motion violates the Local Rules for the

3

Southern and Eastern Districts of New York and the Court's individual rules. Specifically, the motion does not include a memorandum of law as required by Local Civil Rule 7.1 and, to the extent that counsel would have the Court consider the Declaration of Robert Jay Dinerstein, the Declaration does not cite any cases or other legal authority authorizing the Court to grant the requested relief. In addition, the Declaration contains numerous footnotes and exceeds the Court's twenty-five page limit, both in violation of the Court's rules. See Individual Rule IV(B)(I). Dinerstein may re-file this motion upon compliance with the Court's individual rules and the Local Rules.

### B. AS TO THE PLAINTIFFS' MOTION FOR LEAVE TO AMEND

The plaintiffs move for leave to file an amended complaint which would (1) add the defendants Jeffrey M. Roberts, P.C. and Jeffrey M. Roberts to the caption; and (2) "eliminate, consolidate, clarify, and amplify other Complaint allegations." The plaintiffs submit a proposed first amended complaint with their motion. For the following reasons, the motion for leave to amend is granted in part, and denied in part.

#### 1. Amendments to Pleadings

Fed. R. Civ. P. 15(a) generally governs the amendment of pleadings. Rule 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleadings only by leave of court or by

> written consent of the adverse party; and leave shall be freely given
> as justice so requires.

Fed. R. Civ. P. 15(a); see also Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002); Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Leave to amend should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court. Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603-04 (2d Cir. 2005); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). A proposed amendment is futile when it fails to state a claim upon which relief can be granted. Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted).

### 2. Rule 9(b)

In general, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[a]ll pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f). At the pleading stage, all that is required is that the allegations in the complaint " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (quoting Conley, 355 U.S. at 47, 78 S. Ct. 99, 2 L. Ed. 2d 80).

Rule 9(b) sets forth additional pleading requirements with respect to allegations of fraud. The reason for these requirements are three-fold: (1) to provide

5

the defendants with fair notice of the claims against them; (2) to protect the defendants from harm to their reputation or goodwill as a result of unfounded allegations of fraud; and (3) to reduce the number of strike suits. See DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987). "[C]onclusory allegations that defendant's conduct was fraudulent or deceptive are not enough." Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 114 (2d Cir. 1982).

Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake [must] be stated with particularity." Fed. R. Civ. P. 9(b). In order to satisfy this requirement, the complaint must: " '(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent.' " Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)). As such, this requires the plaintiffs to identify which defendant caused each allegedly fraudulent statement to be spoken, written, wired or mailed; to whom the communication was made; when the communication was made; and how it advanced the fraudulent scheme. McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992).

Where there are multiple defendants, Rule 9(b) requires that the plaintiffs allege facts specifying each defendant's contribution to the fraud. See DiVittorio, 822 F.2d at 1247 ("Where multiple defendants are asked to respond to allegations of fraud,

the complaint should inform each defendant of the nature of his alleged participation in the fraud.") (citation omitted). However, in a case alleging mail or wire fraud "it is not necessary to allege . . . that the defendants have personally used the mails or wires; it is sufficient that a defendant 'causes' the use of the mails or wires." <u>Jerome M. Sobel & Co. v. Fleck</u>, No. 03 Civ. 1041, 2003 WL 22839799, at *6 (S.D.N.Y. Dec. 1, 2003) (citing 18 U.S.C. §§ 1341, 1343).

The only bases for federal jurisdiction in this case are the plaintiffs' causes of action under the civil RICO statue. Under civil RICO, the plaintiffs must allege two predicate acts of mail or wire fraud. The Court finds that the allegations in the amended complaint fail to provide the level of factual specificity required by Rule 9(b) when pleading fraud.

  **a. As to the Alleged Mail Fraud**

The alleged mail fraud involved "the defendants, or some of them" having applied for and obtaining a letter of credit from the North Fork Bank. The proposed first amended complaint alleges that, on some unspecified date, "the defendants" forged the signatures of the plaintiffs DeFazio, Finkelstein, and Collins on an application for the line of credit, and misrepresented on that application that these plaintiffs were, among other things, officers and directors of the company applying for the loan. When payments on the loan lapsed, North Fork Bank commenced an action in the Supreme Court of the State of New York, County of Suffolk against the

7

plaintiffs, the defendants Meridian Group Holdings, LLC and Ryan P. Greenberg, and an individual not named as a party in this lawsuit (the "North Fork Action").

The alleged mail fraud consisted of Meridian Group Holdings, LLC and Ryan P. Greenberg "us[ing] the mails in their defense and/or for communications relating to" the North Fork Action and "us[ing] the U.S. mails to assert a counter-claim in the [Supreme Court] Action as against the Plaintiffs." These allegations fail to satisfy Rule 9(b). The allegations of mail fraud only relate to Meridian Group Holdings, LLC and Ryan P. Greenberg because, according to the proposed first amended complaint, these are the only defendants who were also defendants in the North Fork Action. The proposed first amended complaint names more than fifteen additional defendants, none of whom are alleged to have participated in the mail fraud. Rule 9(b) requires the plaintiff to specify each defendant's participation in the fraud. See DiVittorio, 822 F.2d at 1247 ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."). With the exception of Meridian Group Holdings, LLC and Ryan P. Greenberg, the proposed first amended complaint fails to do so.

  b.  **As to the Alleged Wire Fraud**

The alleged wire fraud consisted of "the defendants" somehow fraudulently inducing one of the plaintiffs to invest funds in a particular business entity. The

proposed first amended complaint contains two statements with regard to this fraud.

Paragraphs 59 and 60 of the proposed first amended complaint state:

> 59. On or about December 19, 2001, Plaintiff Collins was called on the telephone and induced by Defendant Wallis and Ryan to advance money immediately by wire to Defendant Roberts to enable the acquisition of the ambulance authority of Defendant Phoenix Transport. On December 20, 2001, Plaintiff Collins transferred $35,000 to the attorney escrow of Jeffrey M. Roberts, P.C., which was maintained by Jeffrey M. Roberts, an attorney. Roberts was also an attorney for Defendant Phoenix Transport.
>
> 60. The $35,000 was not returned to Collins and has not been accounted for although duly requested.

Paragraph 102 of the proposed first amended complaint states:

> 102. [O]n or about December 19, 2001, Plaintiff Collins was duped by telephone by Defendants Wallis and Ryan into wiring monies from Collins account to the attorney escrow account of Jeffrey Roberts, P.C., which funds were purportedly to be uses [sic] to acquire the ambulance operating authority of Defendant Phoenix Transport Corp. These funds were wired to Roberts' attorney escrow account on December 20, 2001 and were not returned to Plaintiff Collins and no accounting has been made despite such a request.

Similar to the plaintiffs' mail fraud allegations, these allegations also fail to satisfy Rule 9(b). The only parties that are claimed to have been involved in the alleged wire fraud are the plaintiff Collins and the defendants Wallis, Ryan and Roberts. There are no allegations that the remaining defendants contributed to the fraud.

9

Other than the portions of the proposed first amended complaint discussed above, the Court has had great difficulty culling <u>any</u> other factual allegations from the proposed pleading. The only defendants specifically alleged to have been involved in the mail fraud are Meridian Group Holdings, LLC and Ryan P. Greenberg. The only defendants alleged to have been involved in the wire fraud are Wallis, Ryan and Roberts. There are no specific factual allegations against the other defendants, named or unnamed, with regard to the necessary RICO predicate acts. Most of the paragraphs in the proposed pleading contain conclusory allegations of wrongdoing, generally lumping "the defendants" together as a group and reiterating the elements of a racketeering cause of action. The Court finds that this is insufficient for a pleading alleging RICO violations against multiple defendants.

In sum, the proposed first amended complaint fails to allege the circumstances of the alleged mail and wire fraud with the level of specificity required by Rule 9(b) and fails to allege any participation in the fraud by most of the defendants. Therefore, the plaintiffs will not be permitted to file the proposed amended pleading in its present form.

Accordingly, the plaintiffs motion for leave to amend the complaint is denied to the extent that the Court will not consider the proposed first amended complaint submitted with the motion. However, the Court is cognizant that under

Rule 15 leave to amend should be freely granted. The plaintiffs will be granted another opportunity to file an amended complaint. In the amended complaint, the plaintiffs may add Jeffrey M. Roberts, P.C. and Jeffrey M. Roberts as defendants. The amended complaint shall be filed within thirty days of the date of this Order.

### C. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that Dinerstein's motion for Rule 60 relief is rejected, and this motion may be re-filed upon compliance with the Local and Individual Rules; and it is further

**ORDERED**, that the plaintiffs' motion for leave to file an amended complaint is denied in part, to the extent that the Court does not accept the proposed first amended complaint submitted with the motion; and it is further

**ORDERED**, that the plaintiffs motion for leave to file an amended complaint is granted in part, to the extent that the plaintiffs' may file an amended complaint within thirty days of the date of this Order, in which the plaintiffs may name Jeffrey M. Roberts, P.C. and Jeffrey M. Roberts as defendants.

**SO ORDERED.**

Dated: Central Islip, New York
December 9, 2006

                                          _/s/ Arthur D. Spatt_
                                             ARTHUR D. SPATT
                                          United States District Judge